Ned Gelhaar (State Bar. No. 163185)
ngelhaar@enensteinlaw.com
ENENSTEIN PHAM & GLASS APC
12121 Wilshire Boulevard
Suite 600
Los Angeles, CA 90025
Phone: (310) 899-2070
Fax: (310) 496-1930

Randy Michels (TN Bar No. 21604)
randy@trust-tree.com
Bill Ferrell (TN Bar No. 27220)
bill@trust-tree.com
Kevin Hartley (TN Bar No. 29199)
kevin@trust-tree.com
TRUST TREE LEGAL, P.C.
1321 Adams Street
Nashville, TN 37208
Phone: (615) 852-8408
*pro hac vice applications to be filed*

***Counsel for Alien Vapor Enterprises, LLC***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE SARIEDDINE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALIEN VAPOR ENTERPRISES, LLC, a Florida limited liability company; and GLENN POLACEK, an individual,<br><br>Defendants. | Case No. 2:18-cv-3297<br><br>**DEFENDANT ALIEN VAPOR ENTERPRISES, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |

Defendant Alien Vapor Enterprises, LLC ("Alien Vapor") hereby answers plaintiff Mike Sarieddine's ("Sarieddine's") Complaint as follows:

**ANSWER TO THE ALLEGATIONS OF THE COMPLAINT**

1. The allegations in Paragraph 1 state legal conclusions to which no response is required. Alien Vapor denies all remaining allegations in Paragraph 1.

2. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore denies the same.

3. Alien Vapor admits that it markets and sells e-liquid vaporizer products under the brand name "ALIEN VAPOR". Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3, and therefore denies the same.

4. Alien Vapor admits that it advertises and sells e-liquid vaporizer products under the name "ALIEN VAPOR". Alien Vapor denies all remaining allegations of Paragraph 4.

5. Denied.

6. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore denies the same.

7. Alien Vapor admits that it is a Florida limited liability company having its principal place of business at 1014 Greenturf Road, Spring Hill, Florida 34608. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7, and therefore denies the same.

8. Alien Vapor admits that Glenn Polacek is an individual residing in Florida. Alien Vapor denies the remaining allegations of Paragraph 8.

9. The allegations in Paragraph 9 set forth legal conclusions to which no response is required.

10. The allegations in Paragraph 10 set forth legal conclusions to which no response is required. Alien Vapor otherwise denies the allegations in Paragraph 10.

11. The allegations in Paragraph 11 set forth legal conclusions to which no response is required.

12. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies the same.

13. Alien Vapor admits there is a website located at www.alienvape.com, and that certain goods are promoted on that website. Alien Vapor lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13, and therefore denies the same.

14. Denied.

15. Denied

16. Alien Vapor admits that Sarieddine claims to own federal registrations on for the marks ALIEN VAPE and ALIEN VAPE. VAPE JUST GOT REAL! & Design. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore denies the same.

17. The allegations in Paragraph 17 set forth legal conclusions to which no response is required. Alien Vapor denies all remaining allegations in Paragraph 17.

18. The allegation in Paragraph 18 regarding the existence of Sarieddine's common law rights sets forth a legal conclusion to which no response is required. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and therefore denies the same.

19. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 regarding Sarieddine's marketing, promotion, and use of his purported marks, and therefore denies the same. Alien Vapor denies all remaining allegations in Paragraph 19.

20. Alien Vapor admits that it advertises and sells electronic cigarette products using the designation "ALIEN VAPOR". Alien Vapor admits that the ALIEN VAPOR mark and Sarieddine's purported marks share the first term "ALIEN". Alien Vapor denies the remaining allegations of Paragraph 20.

21. Alien Vapor admits that one of its products is shown in Paragraph 21. Alien Vapor denies the remaining allegations of Paragraph 21.

22. Alien Vapor admits that it is engaged in the sale of electronic cigarette products bearing the ALIEN VAPOR mark, including e-liquids. Alien Vapor denies the remaining allegations of Paragraph 22.

23. Alien Vapor admits that it advertised and continued to advertise its vaping products under the ALIEN VAPOR mark on the website located at www.alienvapor.com. Alien Vapor denies the remaining allegations of Paragraph 23.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Alien Vapor admits that Count I purports to set forth a claim for trademark infringement. Alien Vapor denies all allegations of infringement.

36. Alien Vapor hereby incorporates its responses to Paragraphs 1-35 as though fully set forth herein.

37. Alien Vapor admits that Sarieddine claims to own federal registrations on the Principal Register for the marks ALIEN VAPE and ALIEN VAPE. VAPE JUST GOT REAL! & Design. The allegations in Paragraph 37 regarding the effect of those registrations set forth legal conclusions to which no response is required. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37, and therefore denies the same.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Alien Vapor admits that Count II purports to set forth a claim for federal unfair competition. Alien Vapor denies any liability under Count II.

45. Alien Vapor hereby incorporates its responses to Paragraphs 1-44 as though fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Alien Vapor hereby incorporates its responses to Paragraphs 1-50 as though fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Alien Vapor admits that Count IV purports to set forth a claim for California common law trademark infringement. Alien Vapor denies any liability under Count IV.

57. Alien Vapor hereby incorporates its responses to Paragraphs 1-56 as though fully set forth herein.

58. Alien Vapor admits that Sarieddine claims to own federal registrations on the Principal Register for the marks ALIEN VAPE and ALIEN VAPE. VAPE JUST GOT REAL! & Design. The allegations in Paragraph 58 regarding the effect of those registrations set forth legal conclusions to which no response is required. Alien Vapor lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58, and therefore denies the same.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint, and each cause of action set forth in the Complaint, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Alien Vapor has not infringed U.S. Trademark Registration Nos. 4997336 and 4517249.

### Third Affirmative Defense

U.S. Trademark Registration Nos. 4997336 and 4517249, both purportedly owned by Sarieddine, are invalid and unenforceable.

### Fourth Affirmative Defense

Sarieddine's allegations in the Complaint are barred under the doctrines of acquiescence, release, implied license, waiver, and/or estoppel for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### Fifth Affirmative Defense

Sarieddine's claims are barred in whole or in part by the equitable principle and defense of unclean hands, and Sarieddine therefore is precluded at law and in equity from asserting any of the claims purported to be set forth in the Complaint.

**Sixth Affirmative Defense**

Sarieddine is estopped from alleging or seeking damages with regard to any alleged rights or remedies which Sarieddine claims to have, by reason of his own actions including, but not limited to, fraud and other conduct, acts and/or omissions.

**Seventh Affirmative Defense**

Sarieddine knowingly made false, material representations of fact in connection with his application to register the ALIEN VAPE. VAPE JUST GOT REAL! mark with the intent to deceive the USPTO. Upon information and belief, in applying to register the mark, Sarieddine knowingly made a false, material representation of fact with the intent to the deceive the USPTO that the mark was in use on "Electronic cigarette vaporizers for alternative smoking", when in fact the mark was not in use on those goods when the application was filed. Additionally, on information and belief, Sarieddine knowingly made a false, material representation of fact with the intent to deceive the USPTO when he submitted an invalid substitute specimen during the prosecution of the application. Thus, Sarieddine's claims are barred, in whole or in part, because he fraudulently procured U.S. Trademark Registration No. 4517249.

**Eighth Affirmative Defense**

Sarieddine knowingly made a false, material representation of fact in connection with his application to register the ALIEN VAPE mark with the intent to deceive the USPTO. Upon information and belief, in applying to register the mark, Sarieddine knowingly made a false, material representation of fact with the intent to the deceive the USPTO that the mark was in use on electronic cigarettes and oral vaporizers for smokers, when in fact the alleged mark was not in use on those goods when the application was filed. Thus, Sarieddine's claims are barred, in whole or in part, because he fraudulently procured U.S. Trademark Registration No. 4997336.

**Ninth Affirmative Defense**

Sarieddine's claims for trademark infringement are barred on the grounds that the alleged trademarks that form the basis of such claims fail to function as trademarks

and are generic and/or lack requisite secondary meaning and are therefore unprotectable.

**Tenth Affirmative Defense**

The Court lacks personal jurisdiction over Alien Vapor.

**Eleventh Affirmative Defense**

To the extent that Alien Vapor is found to have infringed based upon one or more claims of Sarieddine's Complaint, such infringement was not willful, but was inadvertent.

**Twelfth Affirmative Defense**

Sarieddine's Complaint is frivolous and/or has been brought in bad faith. Accordingly, Alien Vapor is entitled to recover its costs, including attorneys' fees, incurred in defending against the Complaint.

**Thirteenth Affirmative Defense**

Sarieddine is barred from pursuing his claims in this District, because venue is improper.

**Fourteenth Affirmative Defense**

Alien Vapor alleges that Sarieddine suffered no cognizable injury as a result of the matters alleged in his Complaint.

**Fifteenth Affirmative Defense**

The Complaint, and each and every count therein, is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, and/or 343.

**Sixteenth Affirmative Defense**

Sarieddine's claims are barred by the doctrine of laches, in that, based upon information and belief, Sarieddine has unreasonably delayed enforcing his purported rights in his marks against third parties, including Alien Vapor, and this delay has prejudiced Alien Vapor.

**Seventeenth Affirmative Defense**

Upon information and belief, Sarieddine's claims are barred because he abandoned his purported marks by acts which have caused the marks to lose their significance as an indication or origin and by failing to enforce his marks against other unauthorized third party uses, which a reasonable opportunity for investigation or discovery is likely to provide additional evidentiary support.

**Eighteenth Affirmative Defense**

To the extent Sarieddine has any trademark rights, Alien Vapor has priority of use for its ALIEN VAPOR trademark and as the senior user has superior rights to those of Sarieddine, and Sarieddine's registrations should therefore be canceled.

**Reservation of Defenses**

Alien Vapor hereby reserves any and all defenses that are available under the Federal Rules of Civil Procedure and the Lanham Act and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

WHEREFORE, Alien Vapor prays that the Court enter judgment in its favor and against Sarieddine with regard to the claims in the Complaint and grant the following relief: a judgment dismissing Sarieddine's Complaint in its entirety with prejudice, for attorneys' fees as provided by statute or common law, and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Alien Vapor Enterprises, LLC ("Alien Vapor") hereby asserts the following counterclaims against Plaintiff/Counterclaim Defendant Mike Sarieddine ("Sarieddine"):

1. Alien Vapor is a Florida limited liability company with an address of 1014 Greenturf Road, Spring Hill, Florida 34608.

2. Sarieddine is an individual residing in the county of Los Angeles, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction as it involves issues concerning trademarks arising under United States law, namely, 15 U.S.C. § 1051 et seq., and under 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue for the counterclaims are based on Sarieddine having brought an action against Alien Vapor in this district and under 28 U.S.C. §§ 1391(b) and (c).

5. This Court has personal jurisdiction over Sarieddine because he resides in this judicial district and because he has filed the instant action in this Court.

## BACKGROUND FACTS

6. Alien Vapor is owned by Glenn Polacek.

7. Since as early as February 2012, Mr. Polacek used the ALIEN VAPOR trademark in commerce in connection with the sale of electronic vapor cigarettes ("e-cigarettes") and e-cigarette liquid.

8. Mr. Polacek organized Alien Vapor on April 19, 2013.

9. Sarieddine filed US Serial Number 85921161 for ALIEN VAPE. VAPE JUST GOT REAL! & Design on May 2, 2013 for "electronic cigarettes vaporizers for alternative smoking" in International Class 34 with a claimed first use in commerce date of April 30, 2013. A printout from the USPTO website showing its status is attached as Exhibit A.

10.     On June 10, 2013, the Examining Attorney at the USPTO issued an Office Action stating, among other things, that the ALIEN VAPE. VAPE JUST GOT REAL! & Design mark on the specimen did not match the mark on the drawing. A copy of the Office Action is attached as Exhibit B.

11.     On November 18, 2013, Sarieddine filed a response to the Office Action that included a substitute specimen along with a declaration that the substitute specimen was in use in commerce at least as early as the May 2, 2013 filing date of the application. A copy of the Office Action response is attached as Exhibit C.

12.     Sarieddine's substitute specimen consisted of a picture of product packaging from his website.

13.     Sarieddine's trademark application for ALIEN VAPE. VAPE JUST GOT REAL! & Design was subsequently approved.

14.     Sarieddine registered his <alienvape.com> domain name on April 25, 2013, which is one week before he filed his trademark application for ALIEN VAPE. VAPE JUST GOT REAL! & Design. A copy of the WHOIS record for this domain name is attached as Exhibit D.

15.     June 4, 2013 is the date of the earliest cached page of Sarieddine's website in the Internet Archive. A copy of the cached page is attached as Exhibit E.

16.     On November 17, 2015, Sarieddine filed US Serial Number 86823686 for ALIEN VAPE (words only) for "Electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form used to refill electronic cigarette cartridges; Electronic cigarette liquid (e-liquid) comprised of propylene glycol; Electronic cigarette liquid (e-liquid) comprised of vegetable glycerin; Electronic cigarettes; Oral vaporizers for smokers" in International Class 34. A printout from the USPTO website showing its status is attached as Exhibit F.

17.     In his application, Sarieddine submitted a declaration through counsel that he was using the ALIEN VAPE mark in commerce on *all* of the goods listed in the

application as of November 17, 2015. A copy of the trademark application is attached as Exhibit G.

18. On May 20, 2017, Sarieddine filed a declaration in this Court stating under penalty of perjury that "I have not sold vaporizers since 2014." A copy of the declaration is attached as Exhibit H.

19. Upon information and belief, when the application was filed on November 17, 2015, Complainant was not using the ALIEN VAPE mark in connection with electronic cigarettes or oral vaporizers for smokers.

**FIRST COUNTERCLAIM**

**CANCELLATION OF FEDERAL TRADEMARK REGISTRATIONS**

20. Alien Vapor hereby repeats and realleges the allegations in Paragraphs 1-19 of its Counterclaims as if set forth fully herein.

21. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancelation of registrations with respect to the registrations of any party to the action.

22. To the extent that any conflict exists between Alien Vapor's ALIEN VAPOR mark and Sarieddine's ALIEN VAPE and ALIEN VAPE. VAPE JUST GOT REAL! & Design trademarks, Alien Vapor has priority over use of the term "ALIEN" in connection with e-cigarette products.

23. As a result of Alien Vapor's priority of use and superior trademark rights, to the extent that any conflict exists between Alien Vapor's trademark and Sarieddine's trademarks, U.S. Trademark Registration Nos. 4997336 and 4517249 should be cancelled.

24. The order canceling U.S. Trademark Registration Nos. 4997336 and 4517249 should be certified by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119.

**SECOND COUNTERCLAIM**

**CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**

25. Alien Vapor hereby repeats and realleges the allegations in Paragraphs 1 – 24 of its Counterclaims as if set forth fully herein.

26. Upon information and belief, in applying to register the mark, Sarieddine knowingly made a false, material representation of fact with the intent to the deceive the USPTO that the ALIEN VAPE. VAPE JUST GOT REAL! & Design mark was in use on "Electronic cigarette vaporizers for alternative smoking", when in fact the mark was not in use on those goods when the application was filed.

27. Upon information and belief, Sarieddine also knowingly made a false, material representation of fact with the intent to deceive the USPTO when he submitted his substitute specimen during the prosecution of the application for ALIEN VAPE. VAPE JUST GOT REAL! & Design.

28. Sarieddine therefore obtained U.S. Trademark Registration No. 4517249 through fraud.

29. Alien Vapor has no adequate remedy at law and therefore seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201−02 that U.S. Trademark Registration No. 4517249 is void, invalid and unenforceable due to fraud on the USPTO and that the registration should be cancelled.

30. The order canceling U.S. Trademark Registration No. 4517249 should be certified by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119.

**THIRD COUNTERCLAIM**

**CANCELLATION OF FEDERAL TRADEMARK REGISTRATION**

31. Alien Vapor hereby repeats and realleges the allegations in Paragraphs 1 – 30 of its Counterclaims as if set forth fully herein.

32. Upon information and belief, in applying to register the ALIEN VAPE mark, Sarieddine knowingly made a false, material representation of fact with the

intent to the deceive the USPTO that the mark was in use on electronic cigarettes and oral vaporizers for smokers, when in fact the mark was not in use on those goods when the application was filed.

33. Sarieddine therefore obtained U.S. Trademark Registration No. 4997336 through fraud.

34. Alien Vapor has no adequate remedy at law and therefore seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201−02 that U.S. Trademark Registration No. 4997336 is void, invalid and unenforceable due to fraud on the USPTO and that the registration should be cancelled.

35. The order canceling U.S. Trademark Registration No. 4997336 should be certified by the Court to the Director of the U.S. Patent & Trademark Office in accordance with 15 U.S.C. § 1119.

**FOURTH COUNTERCLAIM**

**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

36. Alien Vapor hereby repeats and realleges the allegations in Paragraphs 1 – 35 of its Counterclaims as if set forth fully herein.

37. Sarieddine has accused Alien Vapor of trademark infringement pursuant to 25 U.S.C. § 1114 and 1125(a).

38. Alien Vapor denies Sarieddine's allegations of trademark infringement as contained in its Answer as set forth above.

39. Sarieddine's allegations of infringement pose a threat to Alien Vapor's business and has and will continue to harm Alien Vapor until such claims are resolved.

40. As a result of the foregoing, an actual case or controversy exists regarding Sarieddine's allegations of trademark infringement.

41. Alien Vapor has no adequate remedy at law and therefore seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201−02 that Alien Vapor has not infringed Sarieddine's asserted trademarks.

42. Alien Vapor additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C. § 2202.

**JURY DEMAND**

Alien Vapor hereby demands a trial by jury to decide all issues so triable in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Alien Vapor prays for judgment against Sarieddine as follows:

a. That Sarieddine take nothing by the Complaint;

b. A declaration that U.S. Trademark Registration Nos. 4517249 and 4997336 be cancelled;

c. The Court certify its order of cancellation to the Director of the USPTO requiring that the appropriate entry be made upon the records of the USPTO cancelling U.S. Trademark Registration Nos. 4517249 and 4997336;

d. A declaration of non-infringement with respect to Sarieddine's asserted trademarks;

e. An award of attorneys' fees and costs; and

f. For such other and further relief as this Court deems just and proper.

Dated: May 15, 2018

ENENSTEIN PHAM & GLASS APC

By: /s/Ned Gelhaar

Counsel for Defendant/Counterclaim Plaintiff Alien Vapor Enterprises, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2018, a copy of the foregoing document titled **DEFENDANT ALIEN VAPOR ENTERPRISES, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** was filed electronically via the Court's CM/ECF system. Pursuant to Local Rule 5-3.2, the Notice of Electronic Filing (NEF) will be served on all parties by operation of the Court's CM/ECF system, and the parties may access this filing through the Court's CM/ECF system.

/s/ Michelle Choto
Michelle Choto